IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATTIE CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-25-WKW |
| | ) | [WO] |
| STATE OF ALABAMA | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Summary Judgment. (Doc. # 26.) Plaintiff responded in opposition (Doc. # 31) and Defendant replied (Doc. # 32). For the reasons that follow, the motion is due to be granted in part and denied in part.

## **I. JURISDICTION AND VENUE**

The court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The parties do not contest personal jurisdiction or venue, and the court finds that there are allegations sufficient to support both.

## **II. STANDARD OF REVIEW**

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a).  "[T]he court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant." *Jean–Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Or a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact.  Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

If the movant meets its burden, the burden shifts to the nonmoving party to establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists.  *Celotex*, 477 U.S. at 324.  A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor.  *Waddell v. Valley Forge*

*Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). On the other hand, "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

"A mere 'scintilla' of evidence supporting the [nonmovant's] position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party," *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990), and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (*per curiam*). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 323.

### III. BACKGROUND

Plaintiff began working for Defendant Alabama Department of Corrections ("ADOC") at the Bullock County Correctional Facility in June 2008. (Doc. 31-7, at 1.) On December 21, 2012, Plaintiff filed an Equal Employment Opportunity

Commission ("EEOC") Charge of Discrimination alleging that she had been subjected to sexual harassment and retaliation by Dominic Whitley and Larry Ligon. (Doc. # 1-1.) In the charge, Plaintiff checked the box for "Continuing Action," and stated that the discrimination began in 2009, and the latest discriminatory act took place on December 21, 2012. Plaintiff received her right-to-sue letter (dated October 21, 2013) and filed this action on January 10, 2014. (Docs. # 1, 1-2.) The amended complaint brings claims for sexual harassment and retaliation under Title VII. Plaintiff also invoked jurisdiction "to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 1983, providing for injunctive and other relief against sex discrimination and retaliation." (Doc. # 8, at 1.) However, the amended complaint does not state any claims pursuant to § 1983.

In the amended complaint, Plaintiff alleges that Whitley began sexually harassing her "on or about 2009/2010," and that, when Whitley was promoted to sergeant and became her supervisor, the harassment "intensified." (Doc. # 8, at 3.) Plaintiff alleges that in December 2011, she complained of Whitley's harassment to Warden Jones, who told her that he would transfer her when the new cadets returned from training. Plaintiff states that Whitley was informed of her complaint to Warden Jones, that the inappropriate behavior continued, and that Whitley retaliated against her because of her complaint. (Doc. # 8, at 4.) Plaintiff was

transferred to the mental health complex on May 14, 2012. (Doc. # 31-7, at 4.) Plaintiff's EEOC charge and original complaint identified harassment and retaliatory conduct by Ligon, but the amended complaint does not make any allegations concerning his conduct, and, in fact, it does not even mention Ligon. Ligon was Plaintiff's supervisor while she worked at the mental health complex. (Doc. # 37-1, at 5.)

In addition to the claims against Whitley, Plaintiff asserts that she was subjected to retaliation through "re-assignments and disciplinary actions." (Doc. # 8, at 4.) The record reflects that Plaintiff had four written disciplinary actions during her time of employment with Defendant. On May 5, 2010, she received written counseling for misuse of equipment. (Doc. # 26-24.) On August 16, 2011, Whitley wrote a memorandum for the record indicating that Plaintiff had committed a policy violation. (Doc. # 26-16.) Plaintiff also received two written reprimands from Warden Jones, one on January 17, 2013, and one on September 17, 2013. (Docs. # 26-22, 26-23.) Plaintiff stated in her deposition that these reprimands did not affect her pay. (Doc. # 26-1, at 80–83.) Plaintiff was transferred to Ventress Correctional Facility on January 31, 2013. (Doc. # 26-25.)

Defendant filed a motion for summary judgment asserting that the Title VII claims are time-barred, and that any § 1983 claims are due to be dismissed because Defendant is entitled to immunity from damages under the Eleventh Amendment.

(Doc. # 26.)  Defendant argues that, since Plaintiff filed her EEOC charge on December 21, 2012, the action would be untimely as to any alleged retaliatory or discriminatory activity that occurred prior to June 24, 2012.  (Doc. # 26, at 9.)

In the alternative, Defendant argues that there is no substantial evidence to support the required elements of either sexual harassment or retaliation under Title VII, so that even if the claims are not time-barred, they should be dismissed.[1] Defendant concedes that Plaintiff engaged in protected activity by reporting Whitley's conduct to Warden Jones in December 2011, and by filing an EEOC charge in December 2012.  Defendant argues that Plaintiff fails to show an adverse employment action and a causal link between the protected activity and the employment action.  Defendant contends that "the only possible employment actions that could have caused an adverse employment action" are the two written reprimands received by Plaintiff in 2013.  (Doc. # 26, at 12.)  According to Defendant, neither of the 2013 reprimands meets the requirements for a retaliation claim because they are not materially adverse, they were issued by Warden Jones and not by Whitley or Ligon, and they were not issued close enough in proximity to the protected conduct to support a finding of causation.  (Doc. # 26, 12–13.)

---

[1] Because the court concludes that the sexual harassment claims are time-barred, the requirements to demonstrate sexual harassment or a sexually hostile environment will not be addressed.

Defendant does not address the retaliation claims based on Plaintiff's two reassignments.

In Plaintiff's response to Defendant's motion for summary judgment, she does not argue against June 24, 2012 as the relevant cutoff date for consideration of her sexual harassment claims. Instead, she lists numerous allegations of inappropriate conduct and retaliation by Ligon. Plaintiff asserts that all the discriminatory and retaliatory actions, when considered together, created a sexually hostile work environment so that the time-barred actions are timely filed under a "continuing violation" exception. (Doc. # 31, at 2–8.) In addition to her deposition testimony that was attached to Defendant's motion, Plaintiff relies on an affidavit attached to her brief, which describes the alleged actions and dates of harassment and retaliation by Whitley and Ligon. (Doc. # 31-7.) While Plaintiff's EEOC charge contained allegations that she had been continuously subjected to sexual harassment through December 21, 2012, the latest date that Plaintiff provides evidence of harassment or retaliation by Whitley was in February 2012. (Doc. # 31-7, at 4; *see also* Doc. # 26-1, at 16–39, Plaintiff's Dep.)

In her brief, Plaintiff raises for the first time allegations that she was not allowed to take restroom breaks in retaliation for her complaints about sexual harassment. (Doc. # 31, at 14.) Plaintiff also argues that her transfer to the Ventress facility was an adverse employment action in retaliation for her filing the

7

EEOC charge. Plaintiff provides the deposition testimony of Kimberly Weary, the Equal Employment Officer, and asserts that she recommended the transfer because of Plaintiff's EEOC charge. (Doc. # 31, at 3.) Plaintiff claims that the transfer adversely affected her because she has to get up earlier in the morning, drive further to work, pay more for gas, and worry about possibly hitting a deer with her car. (Doc. # 26-1, at 90.) Plaintiff does not respond to Defendant's claim of immunity for § 1983 claims.

In reply to Plaintiff's summary judgment response, Defendant asserts that Plaintiff's lack of argument makes the June 24, 2012 time-line for actionable unlawful activity undisputed. (Doc. # 32, at 2–3.) Defendant does not address Plaintiff's arguments concerning the transfer to the Ventress facility.

### IV. DISCUSSION

**A.     § 1983 Claims**

In her amended complaint, Plaintiff stated one claim for relief: a Title VII claim for sexual harassment and retaliation. Plaintiff did not state a claim for violation of § 1983 in her amended complaint.[2] Accordingly, no § 1983 claim is pending in this case, and it is unnecessary for the court to address Defendant's

---

[2] Plaintiff also did not state a § 1983 claim in her original complaint. (*See* Doc. # 1.)

argument that a § 1983 claim is subject to dismissal on Eleventh Amendment grounds.[3]

## B. Title VII Claims

### 1. *Timeliness Under Title VII*

Pursuant to § 706 of Title VII, 42 U.S.C. § 2000e-5(e)(1), in order for an "unlawful employment practice" to form the basis for Title VII liability, it must have been complained of in a timely-filed charge of discrimination to the EEOC. *Ledbetter v. Goodyear Tire and Rubber, Co.*, 421 F.3d 1169, 1178 (11th Cir. 2005). In Alabama, a charge must be filed within 180 days "after the alleged unlawful employment practice occurred." *Id.* (quoting 42 U.S.C. § 2000e-5(e)(1)).

However, hostile work environment claims are different than claims concerning discrete acts. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Because a hostile environment claim is "composed of a series of separate acts that collectively constitute one 'unlawful employment practice,'" it is "only require[d] that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened." *Id.* at 117. Therefore, as long as one

---

[3] Plaintiff also did not respond to Defendant's § 1983 arguments on summary judgment, which further supports the court's conclusion that Plaintiff never intended to allege a § 1983 claim in the amended complaint. However, even if such an intent could be inferred from Plaintiff's mere citation to § 1983 in a jurisdictional allegation in the amended complaint (Doc. # 8, at ¶ 1), Plaintiff has abandoned any attempt to a § 1983 claim. *See Resolution Trust Corp. v Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (noting that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned"); *Floyd v. Home Depot U.S.A., Inc.*, 274 F. App'x 763, 765 (11th Cir. 2008).

act that contributed to the hostile environment claim falls within the filing period, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.*

### 2. *Retaliation*

To establish a *prima facie* case of retaliation under Title VII, the plaintiff must show that "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

A materially adverse employment action is one that causes an injury or harm. *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). In order to demonstrate that an employment action is materially adverse, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* at 68 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (C.A.D.C. 2006) (internal quotation marks and citation omitted)). It must be a "tangible employment action [that] significant[ly] change[s] [the] employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Webb-Edwards v. Orange Cty*

*Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (internal quotation marks omitted)).

"Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case and 'should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances.'" *Burlington N. and Santa Fe Ry. Co.*, 548 U.S. at 71 (internal quotation marks and citation omitted). A transfer to a new location that affects a plaintiff's day-to-day routine could be materially adverse so as to discourage a reasonable employee from complaining about sexual harassment. *See Lloyd v. Hous. Auth. of the City of Montgomery, Ala.*, 857 F. Supp. 2d 1252, 1268 (M.D. Ala. 2012); *but see Polite v. Dougherty Cty. School Sys.*, 314 F. App'x 180, 183–84 (11th Cir. 2008) (finding that plaintiff's job transfer was not an adverse employment action because he had the same responsibilities and the same pay). However, negative performance evaluations or written counseling without allegations of a significant negative impact on employment are not considered materially adverse employment actions. *See Swindle v. Jefferson Cty. Comm'n*, 593 F. App'x 919, 926 (11th Cir. 2014); *Hall v. Dekalb Cty. Gov't*, 503 F. App'x 781, 790 (11th Cir. 2013).

In order to establish the causation element, a plaintiff must show that the adverse action is not "completely unrelated" to the protected conduct. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Demonstrating that the employer

11

was aware of the protected activity and that the adverse action was "very close" in temporal proximity is enough to demonstrate causation. *See Higdon*, 393 F.3d at 1220; *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999). While one month has been held sufficiently close in proximity to establish a causal connection, three to four months has been determined insufficient to establish causation. *Higdon*, 393 F.3d at 1220 (noting that the Supreme Court has "cited with approval decisions in which a three to four month disparity was found to be insufficient to show a causal connection."). Additionally, the adverse action must occur after the protected activity. *See Griffin v. GTE Fla., Inc.*, 182 F.3d 1279, 1284 (11th Cir. 1999).

### 3. *Analysis*

#### a. **Plaintiff's Title VII Claims**

As a threshold consideration, the court must first identify the pending Title VII claims. Plaintiff's EEOC charge and original complaint alleged sexual harassment and retaliation by both Whitley and Ligon. (Docs. # 1, 1-1.) In Plaintiff's amended complaint, she only alleges sexual harassment based on Whitley's conduct. She also claims that Whitley retaliated against her for the December 2011, complaint of sexual harassment and that she was disciplined and reassigned in retaliation for her complaints of sexual harassment. (Doc. # 8, at 3–4.) In her brief, however, Plaintiff alleges that Ligon subjected her to sexual

harassment, a sexually hostile environment, and retaliation. (Doc. # 31, at 2.) She also raises for the first time a retaliation claim based upon not being allowed to use the restroom in a timely manner. (Doc. # 31, at 2.)

An amended complaint supersedes the original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007). Additionally, it is improper to amend a complaint through an argument in a brief opposing summary judgment. *See Hall*, 503 F. App'x at 786. Based on these two principles, the claims Plaintiff has brought in this action are those she alleged in her amended complaint. Therefore, the claims under consideration are (1) sexual harassment and retaliation claims based on Whitley's conduct, and (2) the retaliation claims based upon Plaintiff's reassignments and disciplinary proceedings.

### b. Sexual Harassment and Retaliation by Whitley

To defeat Defendant's motion for summary judgment on the sexual harassment claims, Plaintiff must raise a genuine dispute of material fact that she was sexually harassed or that she was subjected to at least one action creating a sexually hostile work environment by Whitley within the 180-day time period preceding her EEOC charge. *See Ledbetter*, 421 F.3d at 1178. Defendant has asserted that the relevant date is June 24, 2012, which Plaintiff does not dispute. June 24, 2012 falls 180 days before December 21, 2012, the date on which Plaintiff

13

filed her EEOC complaint. Therefore, that is the date the court will use to consider the timeliness of Plaintiff's EEOC charge.

Nothing in the record shows any inappropriate conduct by Whitley after February 2012. Plaintiff was transferred to the mental health complex on May 14, 2012, at which point Whitley was no longer her supervisor. Because any alleged discriminatory conduct by Whitley occurred prior to June 24, 2012, Plaintiff's claims of sexual harassment and a sexually hostile work environment are due to be dismissed as time-barred.

Plaintiff also claimed that Whitley retaliated against her as a result of her reporting his conduct to Warden Jones in December 2011. Defendant has conceded that this was a protected activity. However, the record shows that all factual assertions against Whitley, including the retaliatory conduct, occurred prior to June 24, 2012. Therefore, the Title VII retaliation claims based on Whitley's conduct are also due to be dismissed as time-barred.

  c.  **Retaliation By Disciplinary Actions and Reassignments**

In order to demonstrate retaliation, Plaintiff must raise a genuine dispute of material fact that (1) she engaged in protected conduct, (2) the alleged retaliatory conduct was an adverse employment action, and (3) the adverse action was caused by her protected conduct. *See Crawford*, 529 F.3d at 970. Defendant has conceded that Plaintiff engaged in protected conduct twice—first, when she

reported Whitley's conduct to Warden Jones in December 2011, and, second, when she filed her EEOC charge on December 21, 2012.

Plaintiff alleges that she was subjected to retaliation through two disciplinary actions that occurred on May 5, 2010 and August 16, 2011. Because these disciplinary actions pre-date both protected activities, it is not reasonable to infer that the protected activities caused the disciplinary actions. *See Griffin*, 182 F.3d at 1284. Therefore, Plaintiff's retaliation claims based on the May 5, 2010 and August 16, 2011 disciplinary actions are due to be dismissed.

The retaliation claim based on Plaintiff's reassignment to the mental health complex is not timely. Plaintiff was reassigned to the mental health complex on May 14, 2012. This reassignment pre-dates June 24, 2012. Thus, the retaliation claim based on the May 2012 reassignment is due to be dismissed as time-barred.

Plaintiff also alleges retaliation based on the written reprimands that she received on January 17, 2013 and September 17, 2013. Plaintiff has not shown a genuine dispute of material fact that the 2013 written reprimands were materially adverse to her employment. She has not shown any negative effect upon her employment based upon the reprimands and it is not reasonable to infer a negative impact in light of the lack of evidence of a significant negative impact. Therefore, the retaliation claims based upon these two written reprimands are due to be

dismissed because the 2013 reprimands were not materially adverse. *See Swindle*, 593 F. App'x at 926; *Hall*, F. App'x at 790.

In her amended complaint, Plaintiff alleges that her January 31, 2013 transfer to the Ventress facility was materially adverse and was in retaliation for her filing the EEOC charge. Attached to her response, Plaintiff submitted the deposition testimony of Defendant's EEOC officer, who confirmed that she initiated the Ventress transfer in response to Plaintiff's EEOC charge. (Doc. # 31-4, at 32–34.) Plaintiff also submitted testimony from Warden Jones that she was transferred, in part, because she "had made numerous . . . complaints of harassment." (Doc. # 31-1, at 7–8.) On summary judgment, Defendant did not address whether the transfer to the Ventress facility could constitute an act of retaliation in violation of Title VII. Because Defendant has not addressed the retaliation claim based upon Plaintiff's transfer to Ventress, the motion for summary judgment will be denied as to Plaintiff's claim that her transfer to the Ventress facility constituted retaliation in violation of Title VII.

### III. CONCLUSION

Accordingly, it is ORDERED as follows:

(1) Defendant's motion for summary judgment (Doc. # 26) is GRANTED as to all claims except Plaintiff's Title VII retaliation claim based on her transfer to the Ventress facility;

(2)     Defendant's motion for a summary judgment (Doc. # 26) is DENIED as to Plaintiff's Title VII retaliation claim based on her transfer to the Ventress facility; and

(3)     All claims except Plaintiff's Title VII retaliation claim based upon her transfer to the Ventress facility are DISMISSED with prejudice.

DONE this 11th day of February, 2016.

                                             /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE