IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTIE CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-25-WKW |
| ) | (WO) |
| STATE OF ALABAMA ) | |
| DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's motion to dismiss for failure to exhaust administrative remedies. (Doc. # 70.) Having considered the motion, the court concludes that it is due to be granted.

### I.  DISCUSSION

**A.  The Court Will Consider the Untimely Motion to Dismiss.**

As Plaintiff points out, pursuant to the Uniform Scheduling Order, as amended, the deadline for filing dispositive motions was February 2, 2015. (Doc. # 25.)  A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Defendant filed the motion to dismiss on June 24, 2016, without showing cause why the court should consider the untimely motion.

Plaintiff merely argues that the court should not entertain the motion to dismiss on grounds that the dispositive motion is untimely. Plaintiff does not argue that Defendant has waived the defense of failure to exhaust administrative remedies that forms the substantive basis of the motion to dismiss.[1] Allowing this case to proceed to trial only to be subject to the same substantive motion at and after trial would be a waste of this court's and the parties' resources. *See, e.g.*, Fed. R. Civ. P. 50 (providing that a motion for judgment as a matter of law "may be made at any time before the case is submitted to the jury" and, if denied, may be renewed after the trial).

Accordingly, the court finds good cause to consider the untimely motion to dismiss.

**B.     The Retaliation Claim Is Barred Because Plaintiff Did Not Exhaust Her Administrative Remedies.**

In the one remaining claim in this case, Plaintiff alleges that, in February 2013, Defendant transferred her to work at the Ventress Correctional Facility in retaliation for her filing an EEOC charge on December 21, 2012. (Doc. # 8 at 4.)[2] Defendant argues that Plaintiff's remaining retaliation claim is barred because

---

[1] In its answer, Defendant raised the procedural requirements of 42 U.S.C. § 2000(e) as a defense. (Doc. # 15 at 3.)

[2] On summary judgment, Plaintiff submitted the deposition testimony of Defendant's EEOC officer, who confirmed that she initiated the Ventress transfer in response to Plaintiff's EEOC charge. (Doc. # 31- 4, at 32–34.) Plaintiff also submitted testimony from Warden Jones that she was transferred, in part, because she "had made numerous . . . complaints of harassment." (Doc. # 31-1, at 7–8.)

2

Plaintiff did not exhaust her administrative remedies by amending her EEOC complaint or filing a new complaint to include the claim.

"Prior to filing a Title VII action, . . . a plaintiff first must file a charge of discrimination with the EEOC."  *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004).  Judicial claims not alleged in the EEOC charge are allowed if they "'amplify, clarify, or more clearly focus'" the allegations in the EEOC charge, but not if they constitute new acts of discrimination.  *Id*. (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989).

Plaintiff argues that, under *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) and *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. Unit A Aug. 1981),[3] when the filing of an EEOC charge leads to retaliation, the retaliation claim "grows out of the charge of discrimination," and the plaintiff need not file a second EEOC charge to pursue the retaliation claim. *See Buckeye*, 856 F.2d at 168–69 (citing *Gupta* in holding that, because "a claim of retaliation could reasonably be expected to grow out of the original charge of discrimination," a plaintiff need not file a new EEOC charge alleging retaliation for filing an employment discrimination lawsuit); *Gupta*, 654 F.2d at 414 ("It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

retaliation case – a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII." (citations omitted)).

In *Duble v. FedEx Ground Package Systems, Inc.*, 572 Fed. App'x 889, 892-93 (11th Cir. 2014), an Eleventh Circuit panel limited the holdings of *Baker* and *Gupta* to cases in which the retaliation occurred after the filing of the first EEOC charge, but long enough before the filing of the lawsuit to give the plaintiff an opportunity to amend or to file a new EEOC charge to add a retaliation claim. Plaintiff filed the EEOC charge on December 21, 2012. (Doc. # 74-1 at 1.) The alleged retaliation occurred in February 2013. (Doc. # 8 at 4.) The EEOC issued a right-to-sue letter on October 21, 2013. (Doc. # 74-2.) Plaintiff filed this lawsuit on January 10, 2014. (Doc. # 1.) Thus, although the alleged retaliation occurred after and because Plaintiff filed the EEOC charge, Plaintiff had ample time and opportunity before filing this lawsuit to amend her EEOC charge or to file a new EEOC charge to add the retaliation claim. Therefore, under *Duble*, Plaintiff's claim is barred for failure to exhaust administrative remedies.

## II. CONCLUSION

Accordingly, it is ORDERED:

1. Defendant's motion to dismiss (Doc. # 15) is GRANTED and Plaintiff's retaliation claim based on the transfer to the Ventress Correctional Facility is DISMISSED.

2. Because no other claims remain, the Clerk of Court is DIRECTED to close this case.

Judgment will be entered separately.

DONE this 7th day of July, 2016.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE